**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02445-GPG

ENRIQUE VILLALOBOS,

      Applicant,

v.

DDC-DCJ,

      Respondent.

---

**ORDER OF DISMISSAL**

---

Applicant, Enrique Villalobos, is a prisoner in the custody of the Denver County Jail. On November 4, 2015, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3). On the same day, he also filed a Prisoner Complaint (*see* 15-cv-2443) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (*see* 15-cv-2444).

On November 5, 2015, this Court reviewed Applicant's submitted documents in this case pursuant to D.C.COLO.LCivR 8.1(a) and (b), and determined that they were deficient. The Court ordered Applicant to cure certain designated deficiencies within thirty days if he wished to pursue his claims in this action. (ECF No. 4). Specifically, the Court ordered Applicant to submit a copy of his prisoner's trust fund statement or, in the alternative, to pay the $5.00 filing fee. (*Id.*) In addition, the Court ordered Applicant to

submit an application that included his original signature and that provided complete information, such as the judgment of conviction being challenged and the claims being asserted. (*Id.*) The Court notified Applicant that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

In this case, no further pleadings have been filed by Applicant to date. Applicant has failed to cure the deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies and failure to prosecute.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and this action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies and for failure to prosecute. It is

**FURTHER ORDERED** that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) is DENIED as moot. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  14th  day of    December   , 2015.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court